**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DR. ROBERT GERBER,<br>on behalf of plaintiff and<br>the class members defined herein, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| CAREPOINT HEALTHCARE, LLC,<br>and JOHN DOES 1-10, | )<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.      Plaintiff, Dr. Robert Gerber, brings this action to secure redress for the actions of Defendant, Carepoint Healthcare, LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines (Exhibit A) in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"),  the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3.    Plaintiff Dr. Robert Gerber is an individual with offices at 800 Austin Street, West Tower, Suite 508, Evanston, Illinois 60202, where he maintains a telephone facsimile machine that automatically prints on paper using toner/ ink.

4.    Defendant Carepoint Healthcare, LLC,  is an Illinois limited liability company with principal offices at 9 E. Commerce Dr., Schaumburg, IL 60173.  Its registered agent is Bhavesh Patel at that address.

5.    John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.   *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

7.    Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendants:

    a.    Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b.    Have transacted business in Illinois.

    c.    Are located in Illinois.

8.     Venue in this District is proper for the same reason.

## FACTS

9.      On or about March 20,  2020, Dr. Robert Gerber, received the unsolicited fax advertisement attached as Exhibit A on his facsimile machine.

10.     Exhibit A was sent by Defendant Carepoint Healthcare, LLC and advertises hydroxychlorohydroquinone tablets.

11.     Discovery may reveal the transmission of additional faxes as well.

12.     Defendant Carepoint Healthcare, LLC is responsible for sending or causing the sending of  the fax.

13.     Defendant Carepoint Healthcare, LLC is engaged in the business of manufacturing and marketing healthcare products to and through doctors and others.

14.     On information and belief, the price of $40 for 20 x 200 mg chlorohydroquinone tablets is about double the normal price.

15.     Other sellers are requiring proof of one of the conditions for which chlorohydroquinone is prescribed, and denying requests outside prescriber's normal field of practice, to prevent hoarding of a drug which may be useful in treating COVID-19.

16.     Large amounts of hydroquinone tablets are being furnished to hospitals and others actively treating COVID-19 patients free of  charge, either pursuant to FDA trials or gratuitously by manufacturers.

17.     Defendant sent the faxes to practitioners who would not ordinarily treat COVID-19 or anything else for which chlorohydroquinone is normally used, such as Plaintiff, a podiatrist.

18.     On information and belief, the ad is an invitation to purchase at excessive price

and hoard in an attempt to capitalize on people's fears over the COVID19 crisis.

19.     Defendant Carepoint Healthcare, LLC thus derived economic benefit from the sending of the faxes.

20.     Defendant either negligently or wilfully violated the rights of Plaintiff and other recipients in sending the faxes.

21.     Plaintiff had no prior relationship with Defendant and had not authorized the sending of fax advertisements to Plaintiff.

22.     On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

23.     On information and belief, Defendant directed the sending of the fax advertisements from Illinois and has transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

24.     There is no reasonable means for Plaintiff or other recipients of Defendant's unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

25.     Plaintiff incorporates ¶¶ 1-24.

26.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

27.     The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C)  both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

28.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, Plaintiff's statutory right of privacy was invaded.

29.     Plaintiff and each class member is entitled to statutory damages.

30.     Defendant violated the TCPA even if its actions were only negligent.

31.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

32.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class.  The class consists of (a) all persons with fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c)were sent faxes by or on behalf of Carepoint Healthcare, LLC promoting goods or services, (d) with respect to which Defendant did not have evidence of consent or an established business relationship prior to sending the fax.

33.     The class is so numerous that joinder of all members is impractical.  Plaintiff

alleges on information and belief that there are more than 40 members of the class.

34.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

      a.      Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

      b.      The manner in which Defendant compiled or obtained its list of fax numbers; and

      c.      Whether Defendant thereby violated the TCPA.

35.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

36.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

37.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

38.     Numerous courts have certified class actions under the TCPA.  *Holtzman v. Turza,* No. 08 C 2014, 2009 WL 3334909 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part,* 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and*

6

*Homecare, Inc.* 2015 IL 118644, 48 N.E.3d 1060; *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 544 (6th Cir. 2014); *In re Sandusky Wellness Center, LLC*, 570 Fed.Appx. 437, 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 998 (8th Cir. 2016); *Sadowski v. Med1 Online, LLC,* No. 07 C 2973, 2008 WL 2224892 (N.D.Ill. May 27, 2008); *CE Design Ltd. v. Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.,* 679 F.Supp.2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Laboratory, Inc.,* No. 10 C 1315, 2010 WL 4074379 (N.D.Ill. Oct. 12, 2010); *Hinman v. M&M Rental Center, Inc.,* 545 F.Supp.2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC,* No. 08 C 3276, 2010 U.S.Dist. LEXIS 72902 (N.D.Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communications, Inc.,* No. 08-cv-4521, 2010 WL 744262 (N.D.Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La.App. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So.2d 510 (La.App. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok.App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.,* 293 Kan. 285, 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns, Inc.,* 306 S.W.3d 577 (Mo.App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.,* No. 4:12-CV-221 (CEJ), 2013 WL 275568 (E.D.Mo. Feb. 24, 2013).

39.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

a.   Actual damages;

b.   Statutory damages;

c.   An injunction against the further transmission of unsolicited fax advertising;

d.   Costs of suit;

e.   Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

40.   Plaintiff incorporates ¶¶ 1-24.

41.   Defendant engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to Plaintiff and others.

42.   Unsolicited fax advertising is contrary to the TCPA and also Illinois law.  720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

43.   Defendant engaged in an unfair practice and an unfair method of competition by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

44.   Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

45.   Defendant engaged in such conduct in the course of trade and commerce.

46.   Defendant's conduct caused recipients of their advertising to bear the cost thereof.

8

This gave Defendant an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

47. Defendant's shifting of advertising costs to Plaintiff and the class members in this manner makes such practice unfair. In addition, Defendant's conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

48. Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

49. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class. The class consists of (a) all persons with fax numbers (b) who, on or after a date 3 years prior to the filing of this action (815 ILCS 505/10a), (c) were sent faxes by or on behalf of Carepoint Healthcare, LLC promoting goods or services, (d) with respect to which Defendant did not have evidence of consent or an established business relationship prior to sending the fax.

50. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

51. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements; and

b.    Whether Defendant thereby engaged in unfair acts and practices, in violation of the ICFA.

52.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

53.    Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

54.    A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

55.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

a.    Appropriate damages;

b.    An injunction against the further transmission of unsolicited fax advertising;

c.    Attorney's fees, litigation expenses and costs of suit;

d.      Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

56.      Plaintiff incorporates ¶¶ 1-24.

57.      By sending Plaintiff and the class members unsolicited faxes, Defendant converted to its own use ink or toner and paper belonging to Plaintiff and the class members.

58.      Immediately prior to the sending of the unsolicited faxes, Plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

59.      By sending the unsolicited faxes, Defendant appropriated to its own use paper and ink or toner used to print the faxes and used them in such manner as to make them unusable.  Such appropriation was wrongful and without authorization.

60.      Defendant knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

61.      Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.   Plaintiff and each class member thereby sufferesd damages as a result of receipt of the unsolicited faxes.

62.      Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

63.      Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class.  The class consists of (a) all persons with fax numbers (b) who, on or after a date 5 years prior to the filing of this action, (c) were sent faxes by or on behalf of Carepoint Healthcare, LLC

11

promoting goods or services, (d) with respect to which Defendant did not have evidence of consent or an established business relationship prior to sending the fax.

64.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

65.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

      a.     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements; and

      b.     Whether Defendant thereby converted the property of Plaintiff.

66.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

67.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

68.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

69.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

12

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

a.      Appropriate damages;

b.      An injunction against the further transmission of unsolicited fax advertising;

c.      Costs of suit;

d.      Such other or further relief as the Court deems just and proper.

## COUNT IV – TRESPASS TO CHATTELS

70.     Plaintiff incorporates ¶¶ 1-24.

71.     Plaintiff and the class members were entitled to possession of the equipment they used to receive faxes.

72.     Defendant's sending Plaintiff and the class members unsolicited faxes interfered with their use of the receiving equipment and constitutes a trespass to such equipment. *Chair King v. Houston Cellular*, 95cv1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying a motion to dismiss with respect to Plaintiff's trespass to chattels claim for unsolicited faxes), vacated on jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

73.     Defendant acted either intentionally or negligently in engaging in such conduct.

74.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes.

75.     Defendant should be enjoined from continuing trespasses.

## CLASS ALLEGATIONS

76.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of

13

a class.  The class consists of (a) all persons with fax numbers (b) who, on or after a date 5 years

prior to the filing of this action, (c) were sent faxes by or on behalf of Carepoint Healthcare, LLC

promoting goods or services, (d) with respect to which Defendant did not have evidence of

consent or an established business relationship prior to sending the fax.

77.     The class is so numerous that joinder of all members is impractical.  Plaintiff

alleges on information and belief that there are more than 40 members of the class.

78.     There are questions of law and fact common to the class that predominate over

any questions affecting only individual class members.  The predominant common questions

include:

a.     Whether Defendant engaged in a pattern of sending unsolicited fax

advertisements; and

b.     Whether Defendant thereby committed a trespass to chattels.

79.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has

retained counsel experienced in handling class actions and claims involving unlawful business

practices.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not

to vigorously pursue this action.

80.     Plaintiff's claims are typical of the claims of the class members.  All are based on

the same factual and legal theories.

81.     A class action is the superior method for the fair and efficient adjudication of this

controversy.  The interest of class members in individually controlling the prosecution of

separate claims against Defendant is small because it is not economically feasible to bring

individual actions.

82.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

a.     Appropriate damages;

b.     An injunction against the further transmission of unsolicited fax advertising;

c.     Costs of suit;

d.     Such other or further relief as the Court deems just and proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Dulijaza (Julie) Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.


s/ Daniel A. Edelman
Daniel A. Edelman

17

## **EXHIBIT A**

 Carepoint™
Specialty Pharmacy

www.carepointrx.com
**Toll Free: (855) 237-9112 | Fax: (855) 237-9113**
Chicago | Houston | Tampa | Atlanta | Columbus | Indianapolis

# CAREPOINT REMAINS
# OPEN DURING COVID-19

## Available for immediate shipment!

------------
**Pay**
# $40
**OR LESS**
------------

| Products | |
|---|---|
| Hydroxychloroquine 200 mg #20 | |

Azithromycin 250 mg #6

---

**Our Simple Prescription Process**

 Send Prescription     Complete Order     Recieve Tracking

 1 | eScribe: NCPDP #1487330 Or Fax: 855-237-9113

 2 | Patient contacted via text or phone to pay copay, verify shipping address and request consultation

 3 | Patient will receive text with tracking right to their doorsteps!

---

## DISCLAIMER
- **Prices are CASH ONLY**
- We do not accept insurance for these medications
- Prices and size subject to maximum benefit amounts per manufacturer
- This statement has **not** been evaluated by the Food and Drug Administration. These products are **not** intended to diagnose, treat, cure or prevent any disease.

**Patient Satisfaction is the Core of Everything We Do.**


   



www.carepointrx.com
Toll Free (855) 237-9112 | Fax: (855) 237-9113
9 Commerce Drive, Schaumburg, IL 60173

03/20/2020

This facsimile has been sent by Carepoint Healthcare LLC to those with an interest in the services provided by Carepoint Healthcare LLC. If you no longer wish to receive facsimiles from Carepoint Healthcare LLC, you may request that we not send facsimiles to your telephone facsimile machine(s) in the future.

In order for your request to be valid: (i) the request must clearly identify the telephone facsimile number(s) to which the request relates; (ii) the request must be communicated to us by calling our toll-free number at (855)237-9112, by sending a facsimile of the request to (855)237-9113, or by e-mailing your request to info@carepointrx.com and (iii) the requesting party must not have subsequently provided prior express permission or invitation to Carepoint Healthcare LLC to transmit facsimiles to the telephone facsimile number(s) identified in the request. Carepoint Healthcare LLC's failure to comply with a proper request within thirty (30) days is unlawful.